IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFF OTIS | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 3:13cv1060-HSO-RHW |
| | § | |
| CAROLYN R. MOSLEY | § | DEFENDANT |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION *IN LIMINE* [33] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* [34]

BEFORE THE COURT are Defendant Carolyn R. Mosley's Motion *in Limine* [33] and Plaintiff Jeff Otis' Motion *in Limine* [34].  Having considered the parties' Motions, their respective responses, the record, and relevant legal authorities, the Court finds the Motions *in Limine* should be granted in part and denied in part.

## I. BACKGROUND

A.  Plaintiff's Motion *in Limine*

Plaintiff Jeff Otis ("Otis") seeks exclusion of the following at trial:

    1.    Any reference to the fact that Plaintiff objected to interrogatories, document requests, or asserted claims of privilege during the pretrial phase of this case (Pl.'s Mot. *in Limine* ¶ 1 [34]);

    2.    Any speculation or argument regarding the substance of the testimony of any witness who is absent, unavailable, or was not called by Plaintiff, and any reference to the fact that Plaintiff failed to call any witness available to all parties (*Id.* at ¶¶ 2-3);

    3.    Any reference to benefits flowing to Plaintiff from a collateral source, taxes which may affect any recovery in this action, or personal liability of Defendant for any judgment in this case (*Id.* at ¶¶ 5-7);

    4.    Any reference to Plaintiff having employed a lawyer regardless of timing, circumstance, or motive (*Id.* at ¶ 8);

1

  5. Any reference to the effect of a claim, suit, or judgment upon insurance rates, premiums, or charges (*Id.* at ¶ 9);

  6. Any suggestion, evidence, or argument that Plaintiff caused or contributed to the traffic accident at issue in this case or that Plaintiff has been negligent in failing to mitigate damages (*Id.* at ¶¶ 10, 14);

  7. Any argument regarding pre-existing back or neck problems of Plaintiff or that Plaintiff's medical condition was caused by any pre-existing condition (*Id.* at ¶¶ 11-12);

  8. Any evidence or reference that Plaintiff received excessive treatment, unnecessary treatment, or was negligent in how he sought treatment (*Id.* at ¶ 13);

  9. Any argument, evidence, or testimony alleging that Plaintiff seeks more damages than "he actually expects to be awarded" (*Id.* at ¶ 15);

  10. Any reference to the fact that Defendant Carolyn R. Mosley ("Defendant") worked for a non-profit entity (*Id.* at ¶ 16); and

  11. Any argument, evidence, or testimony suggesting that the forces involved in the traffic accident at issue were insufficient to cause the injuries of which Plaintiff complains (*Id.* at ¶ 17).

Plaintiff also requests exclusion of any reference to the fact that Plaintiff filed a Motion *in Limine*. *Id.* at ¶ 4.

  Defendant does not object to Plaintiff's requests related to the pretrial phase of this case, the collateral source rule, the effect of taxes, whether Defendant may be personally liable for any judgment in this case, or that Plaintiff has filed a Motion *in Limine*. Def.'s Resp. to Pl.'s Mot. *in Limine* 1-6 [35]. These unopposed requests will be granted. Defendant offers no objection to Plaintiff's requests related to Plaintiff's having hired a lawyer, the effect of this case on insurance rates,

premiums, or charges, or that Plaintiff caused or contributed to traffic accident at issue in this case. *Id.* Plaintiff's requests in each regard will also be granted. Nor has Defendant objected to Plaintiff's requests related to the extent to which Plaintiff may have caused or contributed to the traffic accident at issue, failed to mitigate damages, or the forces involved in the traffic accident, and these requests will be granted as unopposed. *Id.*

B.   Defendant's Motion *in Limine*

Defendant seeks to exclude

> 1.   Evidence of Defendant's liability insurance or prior offers of settlement to Plaintiff (Def.'s Mot. *in Limine* ¶¶ 1-2 [33]);
>
> 2.   Any reference to documents not previously produced (*Id.* at ¶ 3);
>
> 3.   Any evidence or testimony that Plaintiff has suffered mental and emotional distress or concerning facts and opinions not included in Plaintiff's medical records (*Id.* at ¶¶ 5, 7);
>
> 4.   Any evidence, reference, or testimony "that Plaintiff has suffered any disability, impairment, [or] restrictions" (*Id.* at ¶ 6);
>
> 5.   Any reference or testimony that Plaintiff is entitled to attorney fees, costs, and expenses, to the cost of future chiropractic treatment for Plaintiff, or to "Plaintiff's alleged lost wage claim or future lost wage claim" (*Id.* at ¶¶ 8-10);

In his Response [36] to Defendant's Motion *in Limine* [33], Plaintiff only objects to Defendant's request related to the extent to which "Plaintiff has suffered any disability, impairment, [or] restrictions." Resp. to Def.'s Mot. *in Limine* 1 [36]. Therefore, the remainder of Defendant's Motion will be granted as unopposed. The Court addresses the parties' respective objections below.

3

II. LEGAL STANDARD

Motions *in limine* are made prior to trial

> for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). Motions *in limine* should not be used "to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial," but which are best addressed in the context of a motion *in limine* due to the complex or potentially prejudicial nature of those issues. *Maggette v. BL Dev. Corp.*, Nos. 2:07-cv-181-M-A, 2:07-cv-182-M-A, 2011 WL 2134578, *4 (N.D. Miss. May 27, 2011).

III. ANALYSIS

A.   Plaintiff's Requests to Which Defendant Objects

   1.   Exclusion of Any Speculation or Argument Regarding the Substance of the Testimony of Any Witness Who is Absent, Unavailable, or Was Not Called by Plaintiff, and Any Reference to the Fact that Plaintiff Failed to Call Any Witness Available to All Parties

Plaintiff seeks exclusion of any speculation or argument regarding the substance of the testimony of witnesses who are absent, unavailable, or not called at trial by Plaintiff. Pl.'s Mot. *in Limine* ¶ 2 [34]. Plaintiff also seeks exclusion of any reference to the fact that he failed to call any witness who may have been available to either Plaintiff or Defendant. *Id*. at ¶ 3. Defendant opposes this request on the basis that Plaintiff's request is vague and that Plaintiff did not identify any trial

4

witnesses during discovery.  Def.'s Resp. to Pl.'s Mot. *in Limine* 1-2 [35].  The Court is of the opinion that Plaintiff's request is premature and should be denied without prejudice to Plaintiff's right to assert objections to specific questions, testimony, or evidence at the trial of this case.

> 2. <u>Exclusion of Argument Regarding or Reference to Any Pre-Existing Back or Neck Problems of Plaintiff or that Plaintiff's Medical Condition Was Caused by Any Pre-Existing Condition</u>

Plaintiff seeks exclusion of any argument regarding or in reference to any pre-existing back or neck problems, or that Plaintiff's medical condition was caused by any pre-existing condition.  Pl.'s Mot. *in Limine* ¶¶ 11-12 [34].  Plaintiff asserts that "such evidence would be irrelevant . . . and there is no expert testimony that relates any pre-existing neck or back problems with Plaintiff's current problems." *Id*. at ¶ 11.  Plaintiff also posits that evidence of pre-existing conditions is irrelevant because Defendant is liable for injuries she causes "even though the injuries consist of the aggravation of a pre-existing condition." *Id*. at ¶ 12.  Defendant objects to this request on grounds that Plaintiff's medical records reveal pre-existing conditions and that "any aggravation of . . . Plaintiff's pre-existing conditions should be self-limited with resolution within [an] 8 to 12 week period of time." Resp. to Pl.'s Mot. *in Limine* 3.  Defendant contends that the alleged future surgery which Plaintiff claims is necessary "is related to the degenerative process and not the subject accident." *Id*. at 4.

Plaintiff's requests related to his pre-existing medical condition should be denied without prejudice to Plaintiff's right to assert objections at trial if warranted.

The record includes testimony and documentation which indicates that Plaintiff may suffer from pre-existing medical conditions that may be relevant to this case. *See id.* at 2-4.  The cause and amount of Plaintiff's alleged damages remain in dispute, and a blanket exclusion of any argument or evidence related to Plaintiff's pre-existing medical condition is inappropriate at this stage.  These requests will be denied.

      3.      <u>Exclusion of Any Evidence or Reference that Plaintiff Received Excessive Treatment, Unnecessary Treatment, or Was Negligent in How He Sought Treatment</u>

Plaintiff seeks exclusion of any evidence or reference that he received excessive treatment, unnecessary treatment, or was negligent in how he sought treatment.  Pl.'s Mot. *in Limine* ¶ 13 [34].  Defendant opposes Plaintiff's request contending the record reveals that "any aggravation of . . . Plaintiff's pre-existing problems and symptoms were self-limited with resolution within [an] 8 to 12 week period of time[,] . . . and any alleged future surgery is related to the degenerative process and not the subject accident."  Resp. to Pl.'s Mot. *in Limine* 5 [35].

At this stage of the proceedings, Plaintiff's request appears overbroad and is best left to be asserted as questions are posed regarding the level and timing of his treatment.  The Court therefore will deny Plaintiff's request without prejudice to the right to assert specific objections at trial if warranted.

  4. <u>Exclusion of Any Argument, Evidence, Testimony, or Reference to the Effect that Plaintiff Seeks More Damages Than "He Actually Expects To Be Awarded" or that Defendant Worked For A Non-Profit Entity</u>

  Plaintiff seeks exclusion of any argument, evidence, testimony, or reference that Plaintiff seeks more damages than "he actually expects to be awarded" or that Defendant worked for a non-profit entity. Pl.'s Mot. *in Limine* ¶¶ 15, 16 [34]. Defendant claims these requests should be denied because Plaintiff has not offered good cause for excluding argument regarding the monetary amount of damages Plaintiff seeks and that the jury has a right to know Defendant's occupation and other personal information just as it has a right to know such information pertaining to Plaintiff. Def.'s Mot. *in Limine* 5-6 [35].

  Similar to Plaintiff's requests related to the testimony of unavailable witnesses or witnesses not called by Plaintiff, requests regarding attorney arguments pertaining to the amount of monetary damages sought by Plaintiff or testimony about Defendant's occupation are premature and should be denied without prejudice to Plaintiff's right to assert specific objections at trial. *Cf. Doctor's Hosp. of Jefferson, Inc. v. Se. Med. Alliance, Inc.*, 878 F. Supp. 884, 887 (E.D. La. 1995) (noting that determining whether proper questions are asked of witnesses typically must await the context in which those questions are asked). This portion of Plaintiff's Motion will be denied.

B.  Defendant's Request to Which Plaintiff Objects

1.  Exclusion of Any Evidence, Reference, or Testimony That Plaintiff Has Suffered Any Disability, Impairment, or Restrictions

Defendant seeks exclusion of any evidence, reference, or testimony "that Plaintiff has suffered any disability, impairment, [or] restrictions." Def.'s Mot. *in Limine* 3 [33]. Defendant reasons that Plaintiff has not produced any medical records or designated any expert testimony stating that Plaintiff has suffered any disability, impairment, or restriction. Defendant also notes that she propounded an interrogatory seeking information regarding "each and every opinion of disability" Plaintiff has received, but Plaintiff did not identify any such opinion during discovery. *Id.* at 3. Plaintiff objects to this request arguing that he "has testified in his deposition regarding the impact that his injuries have continued to cause him to experience in the way of limitations of activities and physical exertion." Pl.'s Resp. to Def.'s Mot. *in Limine* 1 [36].

Given Plaintiff's testimony contained in the record, Defendant's request pertaining to evidence or testimony "that Plaintiff has suffered any disability, impairment, [or] restrictions" will be denied in part and granted in part. Defendant's request will be granted in part such that Plaintiff may not attempt to offer testimony or evidence setting a disability rating. The request will be denied in that Plaintiff may testify as to his own personal activities and limitations subject to Defendant's right to assert specific objections at trial.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant's Motion *in Limine* [33] and Plaintiff's Motion *in Limine* [34] should each be granted in part and denied in part. Counsel are instructed to inform their witnesses of the Court's rulings and their obligations to abide by the limitations set forth in this Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion *in Limine* [33] filed by Defendant Carolyn R. Mosley on March 2, 2015, is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion *in Limine* [34] filed by Plaintiff Jeff Otis on March 2, 2015, is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**SO ORDERED AND ADJUDGED**, this the 13th day of March, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE